Rivard-Rapoza, J.
Defendant has been indicted for possession of a controlled substance, possession with intent to distribute, and trafficking of a controlled substance. The charges were brought against the defendant while he was serving time in a federal prison for having violated the terms of his probation on unrelated federal charges. The case is currently before the court on the defendant’s motion to dismiss based upon alleged violations of the Interstate Agreement on Detainers (“LAD”), 18 U.S.C. App. III. For the following reasons, the defendant’s motion to dismiss is DENIED.
Background
In August of 1991 the defendant pled guilty in federal district court to a number of counts of possession of cocaine with intent to distribute. On September 18, 1995, he was arrested in Easton, Massachusetts by federal marshals for violations of the terms and conditions of his probation resulting from the 1991 federal drug charges. At the time of his arrest, federal agents seized 22.6 grams of cocaine, marijuana and over $23,000 in United States currency. The defendant was taken into federal custody and, ultimately, his probation was revoked. He was then ordered to serve a 21 month sentence in federal prison as a result of his probation violation.
On October 10, 1995 complaints were brought against the defendant in the Taunton District Court by the Easton Police Department relative to the cocaine and marijuana seized by federal agents at the time of his arrest on September 18, 1995. The defendant was charged with trafficking in cocaine and illegal possession of marijuana and a warrant was issued. In October 1996, the Easton Police Department filed a detainer relative to the charges at the facility where the defendant was serving his federal sentence. On October 17, 1996, the defendant filed a request for disposition of the Masachusetts charges pursuant to the IAD.
The defendant completed his federal sentence on March 14, 1997, by which date the Taunton District Court charges had not yet been resolved. He was then returned to Massachusetts by federal marshals and held at a state facility pending disposition of the state charges. He was indicted on March 27, 1997 relative to the Easton drug charges and arraigned in the Superior Court on April 11, 1997. The indictments are still pending and are the subject of defendant’s motion to dismiss.[1]
Discussion
The Interstate Agreement on Detainers, 18 U.S.C. App. III, §2, is legislation which enables a prisoner in one jurisdiction (the sending state) to secure a trial on all charges for which detainers have been lodged against him by other jurisdictions (the receiving states).[2] In other words, once a receiving state has commenced criminal proceedings against an individual who is serving a sentence in another jurisdiction, the prisoner is guaranteed certain protections under the IAD. One such protection is the “speedy trial” provision which states in relevant part:
Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party State, and whenever during the continuance of the terms of imprisonment there is pending in any other party State any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred and eighty days after [the prisoner] shall have caused to be delivered to the prosecuting officer and the appropriate court. . . written notice of the place of his imprisonment and his request for a final disposition of the indictment to be made.
18 U.S.C. App. III, §2.
A detainer was filed against the defendant in October 1996. On October 17, 1996, the defendant filed a request for disposition of his Massachusetts charges. It is the defendant’s position that the IAD mandates that the state charges should have been resolved within 180 days, being no later than April 15, 1997. As that did not occur, he argues that the IAD requires that the indictments now be dismissed.
The first issue which must be addressed by the court is whether or not the IAD applies to the circumstances of this case. The defendant was released from federal custody on March 14, 1997. Therefore, the defendant was released during the pendency of the 180 days set out by the IAD for disposition of the cases pending against him in Massachusetts. The Commonwealth argues that, in light of the defendant’s release by the sending authority prior to the expiration of the time set out for disposition, the IAD no longer applies to the disposition of defendant’s Massachusetts charges. As this is an issue of first impression in the Commonwealth, the court has looked to other jurisdictions for guidance.
In United States v. Roy the Seventh Circuit concluded that the IAD no longer applies when the sentence in the sending state has been completed prior to *116 the expiration of the 180 day period. 830 F.2d 628 (7th Cir. 1987), cert. denied, 484 U.S. 1068 (1988). The court noted that the plain language of the statute states that it applies “whenever a person has entered upon a term of imprisonment. . . and whenever during the continuance of the term of imprisonment there is pending in any other party State any untried indictment...” 18 U.S.C. App. III, §2, Art. III(a) (emphasis supplied). Roy, 830 F.2d at 633. The Roy court thereupon concluded that, although the IAD applies where a defendant is serving a sentence in the sending state, it ceases to apply once the inmate’s sentence in that state has concluded prior to the expiration of the 180-day period. Id.
Applying the logic of Roy to the case at bar, the IAD does not control the disposition of the defendant’s pending Massachusetts cases where his term of federal imprisonment concluded prior to the expiration of the 180-day period. Therefore, where the 180-day period for resolution of the Massachusetts charges had not yet been exhausted when the defendant’s federal sentence expired, the state charges could not be brought “during the continuance of the term of imprisonment." Id.
To determine the present case otherwise would result in the Commonwealth being unable to try the defendant on charges which would still be lawfully pending upon his discharge from federal prison. If the IAD were to continue to apply, despite the defendant’s release by federal authorities, the dismissal of the pending Massachusetts charges would necessarily follow and the Commonwealth would be left without recourse against the defendant. Such a result could not reasonably have been intended by the drafters of the IAD.
The defendant relies in large part upon Commonwealth v. Merlo, 364 A.2d 391 (Pa. Super. 1976), which held that trial must be commenced within the time period set out in the IAD. 364 A.2d at 395. However, Merlo is readily distinguishable from both Roy and the case now before the court. At issue in Merlo was the “anti-shuttling” provision of the IAD as opposed to the speedy trial provision which is controlling here. See 18 U.S.C. App. III, §2, Art. IV(e). The anti-shuttling provision protects prisoners from being transported multiple times between jurisdictions in an effort to resolve pending charges, thus presumably interfering with the prisoner’s rehabilitation program. In Merlo the defendant had been brought to the receiving state, tried on only one of several charges, and then returned to the sending jurisdiction to complete his sentence without the other charges having been resolved. 364 A.2d at 395. As a result, “the anti-shuttling provision [of the IAD] was clearly violated, prior to the expiration of his federal imprisonment, regardless of the time element provided for in the speedy trial provision.” Roy, 830 F.2d at 633, n.3 (distinguishing Merlo from the fact in Roy). Accordingly, Merlo does not control the outcome of the present case.
Where the defendant was released from federal prison prior to the expiration of the 180-day time period, the IAD no longer applied to him at that point with respect to his pending Massachusetts charges. Accordingly, the failure of the Commonwealth to bring the defendant to trial within 180 days of his written request for disposition of the charges is not fatal. Consequently, the defendant’s motion to dismiss must be denied.
ORDER
For the foregoing reasons, the court hereby ORDERS that the defendant’s motion to dismiss be DENIED.

 The defendant was indicted by the Bristol County Grand Jury on March 27, 1997, thirteen days after his release from federal custody. The charges which were pending during his federal incarceration and which were subject to his request for disposition pursuant to the IAD arose out of the same set of facts, but were then pending in the form of complaints in the Taunton District Court. Whether the provisions of the IAD apply to the present indictments (as distinct from the original complaints) has not been raised by the Commonwealth. In light of the final determination and order of the court, no further consideration is given to this issue.

 Although the phrasing used throughout refers to “states,” the definition of “state” under the IAD includes not only the individual states, but also the United States of America. 18 U.S.C. App. III, §2, Art. II(a). See also, United States v. Roy, 830 F.2d 628 (7th Cir. 1987), cert. denied, 484 U.S. 1068 (1988).